UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
JORGE ANIBAL GALVEZ,

                             Petitioner,

            -against-

SECRETARY, US DEPARTMENT OF
HOMELAND SECURITY; ATTORNEY GENERAL
OF THE UNITED STATES OF AMERICA; and
SUPERINTENDENT OF THE PRISONS,
OAKDALE, LOUISIANA

                             Respondents.
---------------------------------------------------------------x

**MEMORANDUM & ORDER**

05-CV-2836 (ENV)

VITALIANO, D.J.

Petitioner Jorge Anibal Galvez seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging his deportation from the United States on the ground that the order of removal was invalid. For the reasons set forth below, Galvez's writ is denied and his petition is dismissed.

## **Background**

Petitioner, a citizen of El Salvador, became a lawful permanent resident of the United States in 1989. In 1996, he was convicted in the First District Court of Nassau County of misdemeanor sexual abuse in the second degree, N.Y. Penal Law § 130.60[2], for sexual contact with a person under the age of 14. Following a short jail term and three years of probation, on March 17, 1999, the Immigration and Naturalization Service ("INS") initiated proceedings to remove petitioner pursuant to 8 U.S.C. § 1227(a)(2)(A)(iii), which provides for deportation of any alien convicted of an "aggravated felony", as that term is defined by 8 U.S.C. §

1

1101(a)(43).[1] (Declaration of Dione M. Enea ("Enea Decl.") Ex. 3.) On May 11, 1999, an immigration judge ordered that petitioner be deported. (Id. Ex. 4.) Although petitioner filed an appeal with the Board of Immigration Appeals ("BIA"), he withdrew it only days later and requested "immediate deportation." (Id. Ex. 5.) On July 14, 1999, the INS repatriated Galvez to El Salvador.[2]

On November 26, 1999, Galvez reentered the United States. On May 30, 2000, he was convicted in the Western District of Texas of illegally reentering as a removed alien, 8 U.S.C. § 1326, and sentenced to 30 months in prison. One month later, INS charged him as an inadmissible alien: (1) present without being admitted or paroled, in violation of 8 U.S.C. § 1182(a)(6)(A)(i); and (2) previously ordered removed after conviction of an aggravated felony, in violation of 8 U.S.C. § 1182(a)(9)(A)(ii). (Enea Decl. Ex. 10.) On May 14, 2001, an immigration judge once again ordered Galvez removed. Petitioner's subsequent appeal to the BIA was denied as untimely (id. Ex. 12), and reconsideration was denied on October 24, 2001. On February 22, 2002, Galvez was deported for the second time.

The following year, Galvez again reentered the United States. On November 24, 2003, he was convicted of illegal reentry in the Southern District of Texas and sentenced to 21 months in federal prison. Galvez appealed his conviction, arguing, *inter alia*, that the district court erred

---

[1] The statute defines "aggravated felony" to include "sexual abuse of a minor." Id. § 1101(a)(43)(A).

[2] In 2001, Galvez filed a § 2241 petition in the Western District of Louisiana, challenging his 1999 removal order on the ground that he was improperly classified as an aggravated felon. The Fifth Circuit Court of Appeals affirmed the district court's denial of the writ, holding that "Galvez's New York conviction was an aggravated felony because the term of imprisonment was one year." Galvez v. I.N.S., 34 Fed. Appx. 151, 2002 WL 496374, at *1 (5th Cir. Mar. 19, 2002). The Court implicitly considered petitioner's sexual abuse conviction to constitute a "crime of violence," which is another type of "aggravated felony" under 8 U.S.C. § 1101(a)(43)(F).

in finding that his 1996 misdemeanor sexual abuse conviction constituted an aggravated felony for immigration purposes. The Fifth Circuit Court of Appeals disagreed. In upholding the conviction, the court explained that "Galvez's state sexual abuse conviction qualified as an aggravated felony under 8 U.S.C. § 1101(a)(43)(A)." United States v. Galvez, 102 Fed. Appx. 425, 426 (5th Cir. 2004).

On June 13, 2005, Galvez filed the instant petition for habeas relief. At the time of filing, he was serving a prison term in the Federal Correctional Institution in Oakdale, Louisiana. The Court has no information regarding petitioner's status following that date.

## Discussion

Although the docket reflects that Galvez is represented by counsel, his petition is sloppily drafted, his precise claims for habeas relief are difficult to discern, and he has not submitted any memoranda in support of his petition that could have clarified his theories of entitlement to the writ.[3] Although petitioner fails to explain or distinguish his multiple convictions and removal orders, he claims to be challenging the BIA's denial "[d]ated 10-24-01" and its "sentence" of "indefinite detention." (Pet. at 1.) His only stated ground for relief is that "mandatory detention does not apply since petitioner is not an aggravated felon," and he seeks "immediate relief from detention on reasonable bond and relief of cancellation of removal for which petitioner is eligible statutorily." (Pet. at 5, 14.)

In truth, petitioner's claims do not make much sense in light of the fact that, at the time of the petition, he was not being indefinitely detained by Immigration and Customs Enforcement,

---

[3] The Court has reason to doubt the extent and/or value of petitioner's representation, and therefore extends to him the broader latitude in interpreting the petition that it would normally extend to a *pro se* party. See Bertin v. United States, 478 F.3d 489, 491 (2d Cir. 2007); Cruz v. Gomez, 202 F.3d 593, 597 (2d Cir. 2000); Chambers v. United States, 106 F.3d 472, 475 (2d Cir. 1997).

3

but rather was in the physical custody of the Federal Bureau of Prisons serving out his 21 month sentence for illegal reentry. Simply put, there is no "indefinite detention" to challenge. Moreover, petitioner purports to bring his claims pursuant to 28 U.S.C. § 2254, which provides a separate mechanism for state prisoners challenging the legality of their convictions and sentences, but under no circumstances could the petition be fairly read to be challenging petitioner's 1996 state court conviction or jail term.[4]

The only proper reading of the petition is that it asks the Court to review the validity of the immigration judges' 1999 and 2001 removal orders (and the BIA's denial of the appeal of the 2001 order), pursuant to the general habeas provision, 28 U.S.C. § 2241.

## I. Subject Matter Jurisdiction

Unfortunately for petitioner, Congress has stripped this Court of its ability to review final orders of removal, even in the context of requests for habeas relief. Under the REAL ID Act of 2005 (RIDA), Pub. L. No. 109-13, Div. B, 119 Stat. 231, 302 (2005):

> [n]otwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of Title 28, or any other habeas corpus provision . . . a petition for review filed with *an appropriate court of appeals* in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this chapter . . . .

8 U.S.C. § 1252(a)(5) (emphasis added). RIDA therefore mandates that judicial review of all final administrative orders of removal take place exclusively in the courts of appeals. See Spina v. Dep't of Homeland Sec., 470 F.3d 116, 124 (2d Cir. 2006) (recognizing that "Congress's clear

---

[4] Petitioner also does not appear to challenge his 2000 or 2003 federal convictions or sentences for illegal reentry, which petition would properly be brought pursuant to 28 U.S.C. § 2255. See Jiminian v. Nash, 245 F.3d 144, 146-47 (2d Cir. 2001) ("[A]s a general rule, federal prisoners must use § 2255 instead of § 2241(c)(3) to challenge a sentence as violating the Constitution or laws of the United States."). In any event, if he intended to do so, his claim would be procedurally barred by the one-year statute of limitations applicable to § 2255 claims. 28 U.S.C. § 2255(f).

intent in enacting the REAL ID Act [was] to have all challenges to removal orders heard in a single forum, i.e., the courts of appeals," and treating a district court's merits decision on a habeas petition as "non-existent") (internal quotation marks omitted); Lamaison ex rel. Lamaison v. U.S. Dep't of Immigration and Naturalization, 07-CV-443, 2010 WL 454997, at *1 (E.D.N.Y. Feb. 2, 2010) (dismissing petition challenging deportation because RIDA grants jurisdiction exclusively to courts of appeals); cf. Acosta-De La Cruz v. United States, 07-CV-5386, 2008 WL 2700293, at *2 (E.D.N.Y. July 9, 2008) (noting that § 1252 strips district courts of jurisdiction to stay orders of removal). This Court is therefore without subject matter jurisdiction to hear petitioner's claim.

Nor can this Court simply transfer Galvez's petition to an appropriate appellate court for disposition. Had he filed the petition prior to RIDA's effective date, May 11, 2005, this Court would have been required to do so. See Marquez-Almanzar v. I.N.S., 418 F.3d 210, 212 (2d Cir. 2005) ("The REAL ID Act . . . requires that any § 2241 petition pending in the district court at the time of its enactment be transferred to the court of appeals in which the petition could have been properly brought . . . ."). However, the petition was executed on June 10, 2005 and filed three days later, about a month after the effective date. Pursuant to RIDA, district courts are not permitted to transfer post-effective date petitions unless they were filed within 30 days of final BIA decisions. See De Ping Wang v. Dep't of Homeland Sec., 484 F.3d 615, 617 (2d Cir. 2007). Here, the BIA issued its final decision when it denied reconsideration on October 24, 2001, nearly four years before Galvez filed his petition. Transfer to an appellate court is therefore not available.[5]

---

[5] Even if the Court were to construe Galvez's petition to be a "core" habeas petition challenging only "present physical confinement," over which district courts retain jurisdiction post-RIDA, see Farez-

## II. The Merits

Even assuming *arguendo* that Galvez could clear the jurisdictional hurdles, his petition would fail on the merits. Although he argues that his 2001 removal order (and "indefinite detention") was improper because he was not an "aggravated felon," the federal statute is clear: commission of sexual abuse of a minor is an "aggravated felony" for immigration purposes regardless of its categorization under state law. 8 U.S.C. § 1101(a)(43)(A); see United States v. Pacheco, 225 F.3d 148, 149 (2d Cir. 2000) (holding that Congress, "[made] the word 'misdemeanor' mean 'felony'" under the definition of "aggravated felony" in § 1101(a)(43)); see also Krupic v. Holder, 355 Fed. Appx. 460, 461 (2d Cir. 2009) (rejecting as "without merit" petitioner's claim that a sexual abuse conviction under N.Y. Penal Law § 130.60 is not an aggravated felony under 8 U.S.C. § 1101(a)(43)(A)). Petitioner's conviction of sexual abuse of a minor thus renders him an "aggravated felon" despite New York's categorization of the crime as a misdemeanor under its penal law. Petitioner has not provided the Court, even if it had jurisdiction, with any reason to upset the immigration judges' orders or the BIA's rejection of his untimely appeal, or to deviate from the findings of the Fifth Circuit Court of Appeals ruling against him on this same issue.

## Conclusion

For the foregoing reasons, Galvez's petition for a writ of habeas corpus is dismissed and the writ is denied. Since Galvez has not made a substantial showing of the denial of a constitutional right, a certificate of appealability shall not issue. 28 U.S.C. § 2253(c)(2).

---

Espinoza v. Chertoff, 600 F. Supp. 2d 488, 493 (S.D.N.Y. 2009), the petition would still fail. To fit into this exception, a petition must name the petitioner's immediate custodian and be filed in the district of confinement. Padilla v. Rumsfeld, 542 U.S. 426, 434-35, 443, 124 S. Ct. 2711, 2717, 2722 (2004). Galvez was not, at the time of the petition, detained in the Eastern District of New York, but rather in Oakdale, Louisiana. (Pet. at 1.)

Additionally, the Court certifies pursuant to 28 U.S.C. § 1915(a) that any appeal from this Memorandum and Order would not be taken in good faith and therefore in forma pauperis is denied for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444-45, 82 S. Ct. 917, 920-21 (1962).

The Clerk of the Court is directed to enter judgment accordingly and to close this case.

SO ORDERED.

Dated: Brooklyn, New York
      June 23, 2010

ERIC N. VITALIANO
United States District Judge